# Anderson v. Whitaker & Jeffries.

*Proceeding to Vacate Execution Sale.*

1. *Motion to set aside sale under execution; effect of appeal.*—Where, on a motion to vacate and set aside a sale under an execution, it is shown that the plaintiff in execution knew at the time of the sale that the cause wherein the execution was issued would be appealed to the Supreme Court, that the purchaser was notified by the defend-

ant in execution before the sale, and before he paid the purchase money, that said cause would be appealed, that the supersedeas bond was filed before the amount of the purchaser's bid was paid, but was not accepted by the clerk until after the payment of said money, that the cause was appealed and the judgment on which execution was issued was reversed, there is no sufficient ground shown for setting aside said sale.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

This was a proceeding to vacate and set aside a sale made by the sheriff under a *venditioni exponas* regularly issued ; and was commenced by motion made by the defendant in judgment and execution. It was alleged in said motion that the appellees, Whittaker & Jeffries, on January 30, 1891, obtained a judgment against the appellant, R. E. Anderson, in the circuit court of De-kalb county, in an action instituted by them against the said Anderson, to establish a mechanic's lien on certain real estate, and upon the recovery of that judgment an order was issued commanding the sheriff to sell the specific property described, which was real estate. In obedience to the writ of *venditioni exponas*, thus issued, the property was sold by the sheriff on July 6, 1891, and was purchased and paid for by J. C. Anderson. The purchaser was notified before the sale and before he paid the amount bid, that the cause would be appealed to the Supreme Court. The other facts are sufficiently stated in the opinion. The motion to set aside said sale was overruled, and the movant now brings this appeal, and assigns as error the overruling of his motion.

HARALSON & DAVIS and TOMPKINS & TROY, for appellant.—The filing of a sufficient bond operates *eo instanti* as an appeal ; and by analogy it must operate as a *supersedeas*.—*Kimbrell v. Rogers*, 90 Ala. 339.

2. The filing of the bond being a *supersedeas*, the right of the sheriff to do any other act towards executing the *venditioni exponas* was immediately cut off. That paper became *functus officio*. Certainly the receipt of the purchase money and execution of the deed were acts which the sheriff had no authority to do unless that authority was vested in him by that writ. If that writ had lost its power, then he could do no act under it; that act was a nullity. The writ ceased at that instant to vest any

authority in the sheriff as completely as if the return day had passed.—2 Brick. Dig., 438, § 49; *Kelly v. Governor*, 14 Ala. 541. The right of defendant to supersede at any time "before execution finished" is recognized by this court.—*Ex parte DuBose*, 54 Ala. 280. It certainly cannot be finished until the money is paid or something accepted in lieu of it.—Freeman on Executions, § 300.

Amos E. Goodhue, *contra*.

HEAD, J.—We are unable to see any ground upon which the circuit court could properly have set aside the sheriff's sale in this case. The sale was regularly made, on the 6th day of July, 1891, under a *venditioni exponas* duly issued. J. C: Anderson, a stranger to the writ and record, became the purchaser, who, on the next morning, paid the purchase money and received the sheriff's deed. The defendant in execution, the present movant, for the express purpose of saving his right of redemption, surrendered possession to the purchaser, and leased the property from him. The grounds of the motion to vacate the sale are that the plaintiff in execution knew, at the time the sale took place, the cause, wherein the *venditioni exponas* issued, would be appealed to the Supreme Court of Alabama, and that said J. C. Anderson, the purchaser, was notified by defendant, before the sale and before he paid the amount bid on said sale, that said cause would be appealed to the Supreme Court; that the cause was appealed and the judgment reversed and the cause remanded. By an amendment of the motion, it was alleged that a *supersedeas* bond was filed, in the cause, before the payment of the purchase money by said J. C. Anderson. We take this last averment to mean that the bond was filed and approved, before the purchase money was paid, or else there is nothing in the whole motion upon which it is conceivable a material issue could be formed.

We remark, in the first place, that the argument, upon which counsel for appellant seem to rely mainly, that the purchase was the result of collusion between the plaintiff in execution and the purchaser for the plaintiff's benefit, has no support in any allegation of the motion, even if there was sufficient evidence to support it, which there was not.

The undisputed evidence shows that, while the *supersedeas* bond was handed to the clerk on the morning of the 7th of July, before the purchase money was paid and sheriff's deed executed, yet, as he had the right to do, he demanded time to investigate as to its sufficiency, and did not satisfy himself and accept the bond until several days afterwards. Without deciding, therefore, what its effects would have been upon the sale made the day before and consummated the next by payment of the bid and delivery of the deed, if the bond had been approved before the latter took place, we are compelled to hold that no *supersedeas* had been effected prior to the payment of the money and delivery of the deed. There is no valid ground for the motion.

Affirmed.